Deborah WALLING, Appellant,

v.

CASS COUNTY SOCIAL SERVICES, Cass County Social Service Board, North Dakota Department of Human Services, Fargo Regional Office of WIN, and Job Service of North Dakota, Appellees.

Civ. No. 870006.

Supreme Court of North Dakota.

Sept. 29, 1987.

Mary Deutsch Schneider, Legal Assistance of North Dakota, Fargo, for appellant.

Blaine L. Nordwall, Asst. Atty. Gen., Human Services Dept., State Capitol, Michael J. Wilma, Asst. Atty. Gen., Bismarck, for appellees; argued by Blaine L. Nordwall.

ERICKSTAD, Chief Justice.

Deborah Walling appeals from a district court judgment affirming a decision of the North Dakota Department of Human Services ["the Department"] which imposed sanctions for Walling's alleged noncooperation in the Community Work Experience Program ["CWEP"]. We reverse and remand.

Deborah is a divorced mother of two children. In order to receive an Aid to Families with Dependent Children ["AFDC"] grant, Walling was required to participate in the Work Incentive ["WIN"] program. See 45 C.F.R. § 224.20(a) (1986).[1] The WIN program is administered by Job Service of North Dakota ["Job Service"], whereas AFDC and CWEP are administered by Cass County Social Services.

On February 5, 1986, a meeting was held at Job Service, and an employability plan was developed for Deborah. Participants at the meeting in addition to Deborah included representatives of Job Service and Cass County Social Services. It was agreed that Deborah would participate in CWEP on a half-day basis.

Deborah went to Cass County Social Services that afternoon to register for the CWEP program. Deborah was unable to see the CWEP coordinator, but was given forms to fill out by another worker. Deborah contends that she attempted unsuccessfully to contact the CWEP worker on several occasions to question an error on the forms. When Deborah finally contacted the CWEP coordinator five days later, she was informed that she had been sanctioned for failure to cooperate. Deborah's AFDC grant was cut from $371 per month to $182 per month for a period of six months.

Deborah appealed her sanction to the Department. A hearing was held before a

---

1. 45 C.F.R. § 224.20(a) (1986) provides:
    "(a) All applicants and recipients who are required to register by section 402(a)(19)(A) of the Act, shall register for manpower servic-es, training, employment, and other employment-related activities as a condition of eligibility for AFDC, except as otherwise provided under paragraph (b) of this section;"

hearing officer, who recommended affirmance of the sanction. The hearing officer's recommendations were adopted by the Department. Deborah appealed the agency decision to the district court, which affirmed the decision of the Department. Deborah has appealed from the district court judgment.

The dispositive issue presented on appeal is whether Cass County Social Services followed the appropriate procedures in sanctioning Deborah. Deborah contends that she should have been sanctioned in accordance with the WIN regulations, which require pre-sanction notice and a 30–day conciliation period. *See* 45 C.F.R. §§ 224.51(d)(2) and 224.63(a) (1986).[2]

Deborah was sanctioned pursuant to the CWEP regulations, which do not include the same pre-sanction conciliation requirements. The State[3] concedes that it did not comply with the conciliation requirements of the WIN regulations, but asserts that sanctioning under the CWEP regulations was appropriate in this case.

The State also concedes[4] that the determination of which set of adjudicatory pro-

---

**2.** 45 C.F.R. § 224.51(d)(2) (1986) provides:

"(2) A de facto refusal is any current act or pattern of behavior consisting of a series of current events from which failure or refusal to participate can be implied. Where the failure or refusal to participate or termination of employment, or refusal to accept employment, or reduction in earnings is implied, the WIN sponsor shall send a notice setting an appointment for the individual to come to the WIN office and discuss the act or pattern of behavior in question. The notice shall explain the reasons for the appointment and the consequences of failure to keep the appointment."

45 C.F.R. § 224.63(a) (1986) provides:

"(a) The WIN staff must exhaust efforts toward conciliatory resolution of disputes between the WIN staff and the registrant before the WIN staff issues a 'Notice of Intended Deregistration.' This conciliation effort shall begin as soon as possible, but no later than 10 days following the date of failure or refusal to participate as determined under § 224.51(d) of this part, and may continue for a period not to exceed 30 days. However, either the WIN staff, or the registrant upon written request, *may* terminate this period sooner when either believes that the dispute cannot be resolved by conciliation. The WIN staff shall advise the registrant of the right to terminate the conciliation effort and, where necessary, assist in preparing the written statement." [Emphasis in original.]

**3.** For the sake of clarity we will refer to the various appellees as "the State."

**4.** The appellees state in their brief on appeal:

"It is not disputed that Cass County and the Department complied with the hearing and notice provisions of 45 CFR § 205.10, and with the applicable rules and policies governing the CWEP program. Instead, Walling urges, at pages 6 and 7 of her brief, that a WIN participant does not lose the protection of the WIN program regulations simply by having, as a component of a work development plan, a CWEP assignment. She cites and quotes the following language from the WIN handbook:

"If a WIN registrant recipient *assigned to CWEP by WIN E & T staff* fails or refuses to participate in the CWEP assignment, he/she shall be adjudicated under the WIN adjudication system. If the decision is adverse, the individual shall be deregistered and sanctioned for either 3 or 6 months. However, if a WIN registrant recipient *assigned to CWEP by the State IV–A agency* refuses or fails to participate, adjudication will follow the Title IV–A hearing and appeal system. (Emphasis Supplied).

"*WIN Handbook,* U.S. Department of Labor, U.S. Department of Health and Human Services, June 1984, Rev. Sept. 1985, pg. VI–12 (see Addendum A, Selections from WIN Handbook). This language, which the appellant both quotes and ignores, is entirely consistent with CWEP program rules that specify that the notice and hearing procedures found at 45 CFR § 205.10 apply to CWEP participants. The *WIN Handbook* and the regulations cited provide for different procedures, *depending on which agency assigns a WIN registrant to the CWEP program.*

"It is not disputed that Walling was a WIN registrant. Being a WIN registrant does not, as Walling contends, automatically entitle her to specialized WIN procedures whenever dealing with the CWEP program. The record reflects, in numerous locations, the fact that the appellant was assigned to CWEP by officials of Cass County, in furtherance of their duties to administer the AFDC program under the supervision and direction of the Department, rather than the 'WIN E & T staff.' "

At oral argument counsel for the appellees continually stressed that the determination of which set of adjudicatory procedures applies is governed by determining which agency referred the claimant to CWEP. When requested to do so, counsel was unable at oral argument to direct us to any of the alleged "numerous locations" where the "record reflects" that Deborah was assigned to CWEP by representatives of Cass County Social Services. As noted *infra,* the

cedures applies is governed by determining which agency referred the claimant to CWEP: If Deborah was referred to CWEP by WIN staff, then the WIN procedures apply; if she was referred by representatives of the "IV-A" agency (in this case, Cass County Social Services), sanctioning would be governed by the CWEP procedures.

The State contends that Deborah was referred to CWEP by Cass County Social Services. In support of this assertion, the State cites us to a memorandum which states only that Deborah had been involved with CWEP "off and on since 11–83," that "[s]he was last referred to CWEP on 10–17–85," and that Deborah decided at the joint meeting with Job Service and Cass County Social Services "to do CWEP and an employability plan was signed which referred her to CWEP." The memorandum does not specify which agency referred Deborah to CWEP.

The testimony of the State's own witnesses, however, unambiguously demonstrates that Deborah was referred to CWEP by the WIN coordinator, Margaret Jalbert. Jalbert testified that "I referred her over to CWEP." The CWEP coordinator, Eileen Haupert, testified that "the reason she was referred to CWEP was because WIN referred her to CWEP. This is the employability development plan that was written up at job service and Margaret [Jalbert] is the coordinator of that."

Although this issue was presented to the hearing officer, the agency, and the district court, it was never ruled upon and no finding was made determining which agency referred Deborah to CWEP. There is no evidence, however, to support the State's assertion that Deborah was referred by Cass County Social Services. The record clearly establishes that Deborah was referred to CWEP by WIN staff. By the State's own admission, therefore, the pre-sanction conciliation protections of the WIN regulations should have been afforded to Deborah. Because they were not, the

testimony of the State's own witnesses clearly establishes that Deborah was assigned to CWEP

judgment of the district court must be reversed.

We reverse the judgment and remand to the district court with instructions that the case be remanded to the Department for full reinstatement of Deborah's grant.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

by the WIN coordinator, an employee of Job Service.